```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

    JAMES ROBERT WESTON, SHIRLEY
    M. BLASE, VANN C. BLASE, ERIK      1:19-cv-20778-NLH-KMW
    V. BLASE, J.W.W., and
    B.W.W.,[1]                         **MEMORANDUM**
                                       **OPINION & ORDER**
            Plaintiffs,

    v.

    DUNN WRIGHT PROPERTIES, LLC,

            Defendant.

**APPEARANCES:**

JAMES ROBERT WESTON
26 APPLE AVENUE
BELLMAWR, NEW JERSEY 08031

    *Pro se* Plaintiff.

**HILLMAN**, District Judge

---

[1] The Court takes the unusual step of adding a footnote to the caption of this action to clarify that, while J.W.W. and B.W.W. were identified by name in Plaintiff's *pro se* complaint, Plaintiff's IFP application suggests that these two individuals are in fact Plaintiff's minor children. As such, this Court will use initials to identify these minor children given the interest in protecting the privacy of minors and the availability of a less restrictive alternative, see Fed. R. Civ. P. 5.2(a)(3). For the same reasons, the Court will direct the Clerk to seal the documents contained at ECF Nos. 1 & 2 pursuant to Local Civil Rule 5.3(c) and require Plaintiff to file redacted versions of these documents on the Court's electronic filing system. Plaintiff will also be ordered to file a motion seeking to have the documents filed at ECF Nos. 1 & 2 permanently sealed.

WHEREAS, Plaintiff James Robert Weston ("Plaintiff"),[2] appearing *pro se*, has filed a complaint and a motion described by Plaintiff as one for "immediate relief and injunction" against defendant Dunn Wright Properties, LLC ("Defendant");[3] and

WHEREAS, Plaintiff alleges that he and his family were "illegally removed from [their] home of [twenty] years" and that his home was placed into foreclosure after an eviction action in the Superior Court of New Jersey; and

WHEREAS, Plaintiff further alleges that he objected to the

---

[2] Notably, the caption suggests that, in addition to Plaintiff, this action is also brought by additional individuals identified as Shirley M. Blase, Vann C. Blase, Erik V. Blase, J.W.W., and B.W.W., all of whom Plaintiff identifies in his IFP application as his family (collectively, the "Potential Plaintiffs"). Despite Potential Plaintiffs' names appearing in the caption of this action, none of the Potential Plaintiffs are listed as parties to this action on page one of Plaintiff's *pro se* complaint, and none of the Potential Plaintiffs have signed the *pro se* complaint. As such, this Court cannot determine whether the Potential Plaintiffs are proper parties to this action.

[3] In a portion of Plaintiff's *pro se* complaint directing Plaintiff to identify "all defendants[,]" Plaintiff has listed only an individual identified as Helene Raush of Cherry Hill, New Jersey (the "Potential Defendant"). Plaintiff's complaint is entirely void of allegations relating to this individual, and she does not appear in the caption of Plaintiff's complaint. In exhibits attached to Plaintiff's complaint, it appears that Raush is an attorney at Honig & Greenberg, L.L.C. (ECF No. 1-2 at 12). It remains unclear what role Raush plays in this action, if any. As such, this Court cannot determine whether she is an appropriate defendant in this action. Conversely, Defendant, who appears in the caption of Plaintiff's complaint, does not appear in the section prompting Plaintiff to identify all defendants.

foreclosure action, but that his prior counsel failed to submit his objections because that firm – unidentified by Plaintiff – is "now involved with the fraud[;]" and

WHEREAS, Plaintiff further alleges that, as a result, he and his family "remain homeless[;]" and

WHEREAS, while Plaintiff does not allege specific damages, he asks that this Court return him and his family to their home; and

WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448,

452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's complaint is deficient for numerous reasons, many of which are described herein; and

WHEREAS, first, and as a threshold matter, the Court is unable to determine the asserted basis for the Court's exercise

4

of subject matter jurisdiction.  Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction[;]" and

WHEREAS, Plaintiff has not asserted any proposed basis for this Court's exercise of subject matter jurisdiction; and

WHEREAS, the Court cannot determine whether the exercise diversity jurisdiction pursuant 28 U.S.C. § 1332 would be proper as Plaintiff has not alleged the citizenship of any party; and

WHEREAS, Plaintiff has not identified addresses for – let alone the citizenship of - Potential Plaintiffs or Defendant; and

WHEREAS, Plaintiff has alleged that both he and Potential Defendant maintain addresses within New Jersey, and if both Plaintiff and Potential Defendant are found to be citizens of New Jersey, such a finding would destroy the completeness of diversity amongst the parties; and

WHEREAS, Plaintiff's allegations do not suggest any other valid basis for exercising subject matter jurisdiction in this action; and

WHEREAS, furthermore, Rule 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[;]" and

WHEREAS, while Plaintiff identifies Defendant in the

5

caption of the complaint, Plaintiff fails to explain how Defendant is connected to this action, preventing this Court assessing whether Plaintiff may be entitled to the relief he seeks from this defendant; and

WHEREAS, as discussed in footnote three, infra, while Plaintiff identifies Potential Defendant in the body of the complaint, Plaintiff fails to include Potential Defendant in the caption or otherwise explain how Potential Defendant is connected to this action; and

WHEREAS, as discussed in footnote one, infra, while Potential Plaintiffs appear in the caption of the complaint, Plaintiff fails to explain what claims, if any, they have against Defendant or Potential Defendant, preventing this Court from assessing whether any such claims may be valid; and

WHEREAS, while Plaintiff argues that this case involves fraud, abuse of process, and intent to harm, Plaintiff's allegations as to each of these causes of action is vague and insufficient to establish that Plaintiff is "entitled to [the] relief" he seeks, from the parties he seeks it from; and

WHEREAS, the Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f). The filing fee for a civil complaint is $400; and

WHEREAS, Potential Plaintiffs have not filed IFP applications or otherwise paid the required filing fee; and

WHEREAS, in addition to his complaint and IFP application, Plaintiff has also filed a purported motion for a temporary restraining order, without specifying the legal basis for his motion (ECF No. 2). Plaintiff's motion contains only a single page, and in it, Plaintiff does not cite to any relevant law or fact in support of his motion; and

WHEREAS, Plaintiff's motion for a temporary restraining order seeks an order vacating an unidentified "judgment, sheriff sale, and eviction" (ECF No. 2);[4]

---

[4] Plaintiff's motion for temporary restraints fails to comply with Local Civil Rule 65.1(a), which provides:

> Any party may apply for an order requiring an adverse party to show cause why a preliminary injunction should not issue, upon the filing of a verified complaint or verified counterclaim or by affidavit or other document complying with 28 U.S.C. § 1746 during the pendency of the action. No order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit, other document complying with 28 U.S.C. § 1746 or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary. An order to show cause which is issued at the beginning of the action may not, however, serve as a substitute for a summons which shall issue in accordance with Fed. R. Civ. P. 4. The order to show cause may include temporary restraints only under the conditions set forth in Fed. R. Civ. P. 65(b).

WHEREAS, district courts must have original subject matter jurisdiction to hear a case.  28 U.S.C. § 1441(a).  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); see also Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010) ("Under this Court's continuing obligation to assess its subject matter jurisdiction, we can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding"); and

WHEREAS, if a Court lacks subject matter jurisdiction over an action, it "does not have jurisdiction to reach the merits of Defendant[']s[] motion for a temporary restraining order[.]" Arora v. Barretta, No. 19-18051, 2019 U.S. Dist. LEXIS 178134, *7 (D.N.J. Oct. 15, 2019); and

WHEREAS, as discussed infra, Plaintiff has not alleged any basis for this Court to exercise subject matter jurisdiction over this action and this Court finds that doing so based on the record before it would be improper; and

WHEREAS, therefore, the Court must deny Plaintiff's motion

---

In this case, Plaintiff has not filed an affidavit, verified complaint, or other similar document complying with 28 U.S.C. § 1746 in support of his motion.  Because the Court concludes it lacks subject matter jurisdiction over Plaintiff's action, and therefore, his motion, the Court simply notes this for Plaintiff's reference should he choose to refile his motion in a manner consistent with this Order.  Any future filing must comply with this Rule.

and dismiss his complaint; and

WHEREAS, the Court will grant Plaintiff an opportunity to file an amended complaint to correct the above-referenced deficiencies; and

WHEREAS, in preparing this Opinion and Order, the Court determined that Plaintiff attached sensitive personal identifiers to the initial complaint and IFP application. As such, and in light of Plaintiff's *pro se* status, the Court will *sua sponte* order the documents filed at ECF Nos. 1 & 2 temporarily sealed; and

WHEREAS, to the extent Plaintiff needs to rely upon such personal and confidential information moving forward, or otherwise seeks to file such information along with any amended complaint, Plaintiff should file a motion to seal such documents pursuant to Local Civil Rule 5.3;[5]

THEREFORE,

IT IS on this ___26th___ day of ___November___, 2019

ORDERED that Plaintiff's IFP application (ECF No. 1-1) be, and the same hereby is, **GRANTED**; and it is further

---

[5] Local Civil Rule 5.3 governs requests to seal documents filed with the Court. Instructively, the Rule dictates that the party seeking to seal documents must describe: (a) the nature of the materials at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3).

ORDERED that Plaintiff's complaint is **DISMISSED** in its entirety, **WITHOUT PREJUDICE**, for failing to state a claim on which relief can be granted and for want of subject matter jurisdiction; and it is further

ORDERED that, since this action has been dismissed for want of subject matter jurisdiction, Plaintiff's motion for temporary restraints (ECF No. 2) is **DENIED**, **WITHOUT PREJUDICE**; and it is further

ORDERED that ECF Nos. 1 & 2 – which contain confidential and private personal identifiers for Plaintiff's minor children – be, and the same hereby are, **TEMPORARILY SEALED**; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend his complaint to properly cure the deficiencies noted above, to file redacted versions of ECF Nos. 1 & 2, and to ask this Court to permanently seal ECF Nos. 1 & 2 in a manner described in footnote five above; and it is further

ORDERED that Plaintiff may file an amended motion for temporary restraints, addressing the deficiencies outlined in this Order and complying with Local Civil Rule 65.1, within twenty (20) days of this Order; and it is further

ORDERED that if Plaintiff fails to file an amended complaint within the timeframe allotted, this case will be dismissed for lack of subject matter jurisdiction and failure to

state a claim.  See Fed. R. Civ. P. 12(h)(3).


At Camden, New Jersey                  s/ Noel L. Hillman
                                   NOEL L. HILLMAN, U.S.D.J.